NUMBER 13-03-00217-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

                                                    

                         CORPUS
CHRISTI B EDINBURG

 

GABRIEL RAMOS,                                                                            Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                    Appellee.

 

    On appeal from the 347th District Court of Nueces County,
Texas.

 

                       MEMORANDUM OPINION

 

    Before Chief Justice Valdez and Justices Hinojosa and
Rodriguez

                         Memorandum
Opinion by Justice Hinojosa

 








A jury found appellant, Gabriel Ramos,
guilty of the offenses of capital murder and engaging in organized criminal
activity.  The trial court assessed
appellant=s punishment at life imprisonment for the
capital murder and sixty-five years= imprisonment for engaging in organized
criminal activity.  The trial court has
certified that this case Ais not a plea-bargain case, and [appellant]
has the right of appeal.@  See
Tex. R. App. P. 25.2(a)(2).  In two issues, appellant contends (1) the
trial court erred by improperly admitting extraneous offense evidence during
the guilt/innocence phase of the trial, and (2) his Fourteenth Amendment right
to due process and Sixth Amendment right to confront and cross-examine
witnesses were violated because the State failed to disclose exculpatory
evidence.  We affirm.

As this is a memorandum opinion not
designated for publication and the parties are familiar with the facts, we will
not recite them here except as necessary to advise the parties of our decision
and the basic reasons for it.  See
Tex. R. App. P. 47.4.

                                         A.  Extraneous
Offense Evidence

In his first issue, appellant contends the
trial court erred by admitting extraneous offense evidence during the
guilt/innocence phase of the trial in violation of rule 404(b) of the rules of
evidence.  See Tex. R. Evid. 404(b).  Specifically, appellant argues that the State
failed to properly provide notice of its intent to use extraneous offense
evidence in its case-in-chief after appellant timely requested that the State
do so.  

A defendant who timely requests notice of
the State=s intent to introduce extraneous offenses
during the case-in-chief is entitled to notice Ain the same manner as the state is required
to give notice under Rule 404(b).@  Tex. Code Crim. Proc. Ann. art. 38.37, _ 3 (Vernon 2004).  An
extraneous offense is any act of misconduct, whether resulting in prosecution
or not, that is not shown in the charging papers.  Manning v. State, 114 S.W.3d 922, 926
(Tex. Crim. App. 2003).  An extraneous
offense is an offense that is extra, beyond, or foreign to the offense for
which the party is on trial.  Ridinger
v. State, 174 S.W.2d 319, 320 (Tex. Crim. App. 1943).








Appellant was charged with the offense of engaging
in organized criminal activity by committing capital murder Aas a member of a criminal street gang.@  Tex. Pen. Code Ann. _ 71.02(a) (Vernon Supp. 2004-05).  A criminal street gang is Athree or more persons having a common identifying
sign or symbol or an identifiable leadership who continuously or regularly
associate in the commission of criminal activities.@  Tex. Pen. Code Ann. _ 71.01(d) (Vernon 2004).

Appellant asserts that State witness Robert Luera=s testimony that he saw appellant with a kilo of
cocaine at his apartment in November 2000, is evidence of an extraneous
offense.  Luera testified that he was a
member of the ARaza Unida@ street gang for a number of years, and appellant
was a ranking officer in that gang. 
Luera is now a former member of the gang.  Luera testified he was a police informant who
provided information on Raza Unida gang members= drug
activities.

Other Raza Unida members testified that appellant
was a high ranking member of the gang, members of Raza Unida had tattoos
signifying membership, and dealing drugs was a major and regular source of
income for the gang.  Ramiro Saldana, a
member of Raza Unida, testified that Raza Unida business took place in November
2000, at the apartments where appellant was seen with the kilo of cocaine.  Appellant testified that while a member of
Raza Unida, he dealt drugs and was in charge of lower ranking members= drug dealings. 
Corpus Christi Police Officer Randy Ford testified that, in his
experience, there is always a connection between a Raza Unida gang member=s drug dealing activities and the gang.








Based on these facts, the evidence of appellant=s possession of a kilo of cocaine was relevant to
show how he, as a member of the Raza Unida Acriminal
street gang,@ regularly participated in the Adistribution of a controlled substance,@ an element of the offense of engaging in organized
criminal activity.  Tex. Pen. Code Ann. _ 71.02(a)(5). 
Because this evidence was not extraneous offense evidence, we conclude
it was not subject to the notice requirements of rule 404(b).  Appellant=s
first issue is overruled.

                                   B.  Exculpatory/Impeachment
Evidence

In his second issue, appellant contends the State
failed to disclose exculpatory evidence, thereby depriving him of due process
of law.  Specifically, appellant claims
the State failed to disclose that (1) Robert Lara, a prosecution witness, was
implicated in an unrelated double homicide and had made inconsistent statements
about that double homicide during the investigation, and (2) Mark Alaniz,
appellant=s non-testifying co-defendant, had informally
accepted a favorable plea offer from the State prior to appellant=s trial.

                                                              1.  Applicable Law








The State violates due process when it suppresses
evidence in its possession favorable to an accused when the evidence is
material, either to guilt or punishment, regardless of the good faith or bad
faith of the prosecution.  Brady v.
Maryland, 373 U.S. 83, 87 (1963); Wyatt v. State, 23 S.W.3d 18, 27
(Tex. Crim. App. 2000).  To determine
whether the suppression of evidence mandates reversal under Brady, the
following three factors must exist:  (1)
the State must suppress or withhold evidence, (2) that is favorable to the
accused, and (3) that is material to the defense.  Thomas v. State, 841 S.W.2d 399, 403
(Tex. Crim. App. 1992) (citing Moore v. Illinois, 408 U.S. 786, 787-95
(1972)).  Impeachment evidence is
considered exculpatory evidence.  Ex
parte Richardson, 70 S.W.3d 865, 872 (Tex. Crim. App. 2002).  The evidence is material only if there is a
reasonable probability that, had the evidence been disclosed to the defense,
the result of the proceeding would have been different. Thomas, 841
S.W.2d at 404.  A Areasonable probability@ is a
probability sufficient to undermine confidence in the outcome.  Id.

                                                                 2.  Robert Lara

At trial, Lara testified that he had been in jail
with appellant and appellant had arranged to pay a guard $500 to provide him
with marihuana and hacksaw blades to escape. 
On cross-examination, Lara testified that he had no deal with the State
for his testimony against appellant. 
Appellant argues that if the State had disclosed Lara=s involvement in an unrelated murder case, then he
could have impeached Lara by disputing Lara=s
claim that he had no deal with the State in exchange for his testimony against
appellant, because Lara had not been charged in the murders.

Lara had previously testified in an unrelated
burglary case that he had telephoned his wife from jail and asked her to help a
fellow inmate contact his brother via a three-way telephone connection.  Lara=s fellow inmate ordered a hit on two individuals
during that three-way telephone conversation, leading to two murders.  Lara testified that he did not participate in
the conversation.

 At the
hearing on the motion for new trial, prosecutor James Sales testified there was
nothing to suggest that Lara knowingly participated in setting up the murders,
and there was never any discussion of charging Lara with those unrelated
murders.  Sales testified that Lara was
not getting any consideration for his testimony against appellant.








Lara=s testimony against appellant was only a small part
of the State=s case. 
Numerous State=s witnesses provided much more relevant and material
testimony regarding  appellant=s involvement with the murders and crimes for which
appellant was on trial.  Appellant has
not shown how the result of his trial would have been different if Lara=s involvement in the unrelated murders had been
presented to the jury.  We hold that Lara=s involvement in the unrelated murders does not
qualify as Brady evidence, and its suppression does not constitute a due
process violation.

Appellant also argues that if the State had
disclosed that Lara had made inconsistent statements when he was providing
information regarding the unrelated murders, appellant could have exposed Lara=s history of inconsistency in murder investigations
to the jury.  A witness may not be
impeached on immaterial and collateral matters. 
Shipman v. State, 604 S.W.2d 182, 183 (Tex. Crim. App.
1980).  A collateral question is one
which seeks only to test a witness=s general credibility or relates to facts irrelevant
to the issues at trial.  Keller v.
State, 662 S.W.2d 362, 365 (Tex. Crim. App. 1984).  The prosecution generally has no duty under Brady
to turn over evidence that would be inadmissible at trial.  Lagrone v. State, 942 S.W.2d 602, 615
(Tex. Crim. App. 1997).

Here, Lara=s inconsistent statements applied only to the
unrelated murders.  There is nothing in
the record indicating that Lara made any inconsistent statements regarding his
testimony in appellant=s case.  We
conclude that Lara=s prior inconsistent statements regarding the
unrelated murders were not proper impeachment evidence and did not amount to
improperly withheld Brady evidence.

                                                                 3.  Mark Alaniz








Prosecutor Sales testified at the hearing on the
motion for new trial that Mark Alaniz had been offered, and had accepted, a
two-year sentence for engaging in organized criminal activity prior to
appellant=s trial. 
Appellant contends that if the State had disclosed the fact that his
non-testifying co-defendant, Alaniz, had received a plea offer prior to trial,
he could have used this information to support his theory that he was being set
up to take the fall for the murders committed by his fellow gang members.

While it is proper for a defendant to establish the
bias of a witness against him, generally speaking, it is not permissible to
show that another non-testifying person, who has been jointly or separately
indicted for the same offense as the accused, has been either convicted or
acquitted.  Miller v. State, 741
S.W.2d 382, 389 (Tex. Crim. App. 1987). 
Because Alaniz did not testify in appellant=s trial, evidence of his plea was inadmissible.
Because the prosecution has no duty under Brady to turn over evidence
that would be inadmissible at trial, Lagrone, 942 S.W.2d at 615, Alaniz=s plea agreement was not improperly withheld Brady
evidence.  Appellant=s second issue is overruled.

The judgment of the trial court is affirmed.

FEDERICO G. HINOJOSA

Justice

 

Do
not publish.  See Tex. R. App. P. 47.2(b).

 

Memorandum
Opinion delivered and filed this

the
18th day of August, 2005.